UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WESTLB AG,

        Plaintiff,

-v-                                            No. 11 Civ. 5398 (LTS)(AJP)

BAC FLORIDA BANK, U.S. MORTGAGE
FINANCE, LLC and U.S. MORTGAGE
FINANCE II, LLC,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 04 2012

## MEMORANDUM OPINION AND ORDER

Plaintiff WestLB ("Plaintiff" or "WestLB") is the lender under certain mortgage agreements, pursuant to which U.S. Mortgage Finance, LLC ("USMF") purchased mortgages from BAC Florida Bank ("BAC"), which also services the mortgages on a day-to-day basis. WestLB commenced this action in August 2011, claiming that USMF and BAC (collectively, "Defendants") had breached the relevant mortgage and servicing agreements by failing to dispose of certain foreclosed properties. WestLB has charged expenses of this litigation against revenues produced by the mortgage portfolios. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332. On April 3, 2012, USMF moved for a preliminary injunction, seeking to prevent WestLB from using the funds at issue to pay for its litigation expenses. The Court denied the motion for a preliminary injunction, finding that USMF had failed to show irreparable injury. USMF moved for reconsideration, but that motion was terminated due to USMF's failure to comply with the Court's procedural Rule A.2.b. Now before the Court is USMF's motion to reinstate its motion for reconsideration. The Court has reviewed carefully all of the parties'

submissions in connection with both USMF's motion to reinstate and the underlying motion for reconsideration. For the following reasons, the motion to reinstate is granted, and the underlying motion for reconsideration is denied. Familiarity with the prior motion practice in this case is presumed.

## DISCUSSION

USMF has adequately certified its compliance with Paragraph A.2.b of this Court's individual practice rules. Accordingly, the Court will consider the underlying motion for reconsideration on the merits.

USMF moves for reconsideration pursuant to Fed. R. Civ. P. 54(b) and Local Civil Rule 6.3, requesting that the Court reconsider or amend its August 2, 2012, order (the "Order") denying USMF's motion for a preliminary injunction. Fed R. Civ. P. 54(b) permits a prior decision to be challenged only when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotations omitted). A district court has broad discretion in deciding a Rule 54(b) motion. Id. Under Local Civil Rule 6.3, the standard of review for a motion for reconsideration is the same as that under Federal Rule of Civil Procedure 59(e). Local Civ. R. 6.3; Fed. R. Civ. P. 59(e); Williams v. N.Y. City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). The movant bears the heavy burden of demonstrating that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 250 (S.D.N.Y. 1999). Moreover, Local Rule 6.3 generally precludes a movant from "advancing new facts, issues or

arguments not previously presented to the court." United States v. Tillman, 07 Cr. 1209 (LTS), 2009 WL 1270301, at *1 (S.D.N.Y. May 6, 2009) (internal quotations omitted). A motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y.2003). Nor is it a chance for a party to take a "second bite at the apple." Rafter v. Liddle, 288 Fed. App'x 768, 769 (2d Cir. 2008).

   USMF's motion for reconsideration is meritless. In its moving papers, USMF fails to even reference the stringent legal standard that must be met before this Court may grant a motion for reconsideration, and neither points to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice," Color Tile, 322 F.3d at 167, nor demonstrates that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." Mina Inv. Holdings, 184 F.R.D. at 250. Rather, USMF's only argument in support of its motion is that USMF "respectfully disagrees with the Court's conclusion" that a preliminary injunction is unwarranted. This is merely an attempt to take a "second bite at the apple." Rafter, 288 Fed. App'x at 769. For substantially the same reasons, USMF's request that the Court "clarify" its Order to state that it rests on the premise that an Event of Default will not be permitted to occur if funds available for distribution are insufficient to pay WestLB's obligations to Akin Gump is denied. The Court notes that WestLB has proffered that it will not declare a default in

connection with these withdrawals.[1] Because USMF has failed to meet the exacting legal standard, its requests are denied.

## CONCLUSION

For the foregoing reasons, USMF's motion to reinstate its motion for reconsideration is granted, and the motion for reconsideration itself is denied. This Order resolves docket entry nos. 150 and 168.


Dated: New York, New York
       October 4, 2012

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge

---

[1] WestLB has stated that "it does not intend to make a demand for immediate payment of all outstanding fees from the waterfall" (August 3, 2012 Letter, ECF No. 162), and that "it has no intention of declaring a default in connection with any withdrawals it may make from the waterfall to pay for attorney's fees." (August 30, 2012 Letter, ECF No. 173.)